UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

NATHANIEL JAMAR HUDSON,      )
                                        )
                Plaintiff,      )       Case No. 1:05-cv-137
                                          )
v.                               )       Honorable Wendell A. Miles
                                          )
PATRICIA CARUSO et al.,       )
                                        )
                Defendants.     )
_____)

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### Discussion

I.       Factual allegations

Plaintiff is presently incarcerated at Macomb Correctional Facility, although the events giving rise to his complaint occurred while he was incarcerated at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, he sues Michigan Department of Corrections Director Patricia Caruso and the following IBC employees: Deputy Warden C. Stoddard, Acting Assistant Deputy Warden (unknown) Johnson; Resident Unit Manager E. Hosey and Case Manager Lisa English.

Plaintiff's complaint concerns the application of Director's Office Memorandum (DOM) 2004-8, "Fraudulent Activities Involving the Uniform Commercial Code."  The DOM provides in part:

> Effective immediately, prisoners are no longer authorized to have any books, pamphlets, forms or other materials regarding actions that can be taken under the UCC; these materials shall be considered contraband since they can be used to facilitate criminal activity and pose a risk to the custody and security of the facility. (This does not include publications in the law library, such as Michigan Complied Laws Annotated, that set forth the statute or provide a scholarly legal analysis of the UCC.)

Plaintiff contends that the DOM is intended to prevent prisoners from bringing legitimate legal action against the MDOC in violation of his federally protected rights.  Plaintiff further claims that Defendant English improperly seized two of his lawsuits pursuant to the DOM. According to the Administrative Hearing Report, prison staff seized two separate lawsuit packages when Plaintiff attempted to mail them out of the facility.  The lawsuits asserted UCC violations against State of Michigan employees and sought to place liens against them.  Plaintiff further asserts that Defendants Stoddard, Johnson and Hosey conspired to deny his right of access to the courts when they denied his requests for return of his lawsuits.  Plaintiff seeks injunctive relief, as well as monetary damages.

II.    Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001).  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  A district

court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1]  *Brown*, 139 F.3d at 1104.  In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted.  *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court.  *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

The MDOC provides a three-step administrative grievance process.  *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement") (effective 4/28/03).  Plaintiff states in his complaint that "no grievances were filed as grievances do not provide for damages."  The Supreme Court has squarely held that a prisoner must exhaust the administrative process even if it does not provide for monetary relief.  "[O]ne 'exhausts' processes, not forms of relief, and the statute provides that one

---

[1]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint.  The form complaint, which is required by local rule, is disseminated to all the prisons.  *See* W.D. MICH. LCIVR 5.6(a).  Plaintiff has chosen to forego use of the form complaint in this action.

must." *Booth v. Churner*, 532 U.S. 731, 739 (2001); *accord Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999).  Plaintiff, therefore, is not excused from filing grievances because money damages are not available under the administrative grievance policy.  He also claims that his use of "flash kites" was sufficient to place Defendants on notice of his claims.  A prisoner may send a "flash kite" to the deputy warden's office when he is experiencing an urgent problem with access to the law library, legal property, legal mail or other materials or services that are essential to protecting his right of access to the courts.  This type of communication is not a substitute for the three-step grievance process, as explicitly stated on the flash kite form.  Because Plaintiff failed  to grieve his claims against the named Defendants, he fails to satisfy the exhaustion requirement.

It is not clear whether Plaintiff may still grieve his claims.  Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely.  *See* Policy Directive 03.02.130, ¶ G(4).  The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)).  However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a).  *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion.  *See Wright*, 111 F.3d at 417.  Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies.  *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

- 4 -

Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee.  *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss Plaintiff's action without prejudice.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Dated: <u>July 19, 2005</u>                                         <u>/s/ Wendell A. Miles</u>
                                                                                      Wendell A. Miles
                                                                                      Senior U.S. District Judge