UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NATHANIEL JAMAR HUDSON,

        Plaintiff,

v.                                                                                  Case No. 1:05-cv-137

PATRICIA CARUSO, C. STODDARD,                             Hon. Wendell A. Miles
UNKNOWN JOHNSON, E. HOSEY, and
LISA L. ENGLISH,


        Defendants.
_____/


OPINION AND ORDER

        This matter is before the court on Plaintiff's Motion for Relief From Judgment (docket #15), brought under Federal Rule of Civil Procedure 60(b)(4) and (6). Plaintiff is seeking relief from the judgment entered in this case on July 19, 2005, by which the court dismissed Plaintiff's complaint without prejudice for failing to show that he had exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

        Federal Rule of Civil Procedure 60(b) provides for relief from judgment if "the judgment is void," Fed. R. Civ. P. 60(b)(4), or for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6).

        In January 2007, the United States Supreme Court decided <u>Jones v. Brock</u>, 127 S. Ct. 910 2007) in which the Supreme Court overturned the Sixth Circuit's requirement that prisoners must specifically plead or demonstrate exhaustion in their complaint. Rather, the <u>Jones</u> Court held that a prisoner's failure to exhaust is an affirmative defense under the Prison Litigation

Reform Act.  Id. at 922-23.  Plaintiff now argues that the court's order entered July 19, 2005 should be overturned as inconsistent with the law announced in Jones.  Plaintiff contends that the Jones Court merely clarified existing law and, therefore, the holding must be applied retroactively.

This court entered the judgment on July 19, 2005, and Plaintiff did not appeal the decision.  Jones was decided one and a half years later on January 22, 2007.   The Jones Court did not explain the retroactive reach of its decision.  However, it is well settled that a Supreme Court decision applies retroactively to "all cases still open on direct review." Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97 (1993) ( "When [the Supreme Court] applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule."). Cases "still open on direct review" are those where there is no final judgment. See Deja Vu v. Metro. Gov't of Nashville & Davidson Co., 421 F.3d 417, 421 (6th Cir.2006) ("[T]he Supreme Court has long recognized a distinction between cases on 'direct review' and those involving collateral attack on a final judgment"). A final judgment is "one where 'the availability of appeal' has been exhausted or has lapsed, and the time to petition for certiorari has passed." Bradley v. Sch. Bd. of City of Richmond, 416 U.S. 696, 711 n. 14 (1974) (quoting Linkletter v. Walker, 381 U.S. 618, 622 n. 5 (1965)).  Accordingly, the present case was neither open nor on direct review at the time the Jones decision was issued.  Because Jones does not apply to the present case, the judgment is not void, and Plaintiff is not entitled to relief under Rule 60(b)(4).

Plaintiff also asserts Federal Rule of Civil Procedure 60(b)(6) as a basis for his motion.

Rule 60(b)(6) provides for relief from judgment for "any other reason justifying relief from the operation of the judgment."  However, "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." Agostini v. Felton, 521 U.S. 203, 239, 117 S.Ct. 1997 (1997).  "Instead, courts have relied on an applicable change in decisional law, coupled with some other special circumstance, in order to grant Rule 60(b)(6) relief." Blue Diamond v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (2001).  Thus, even if Jones applied retroactively, Plaintiff has not asserted an extraordinary or special circumstance warranting relief under Rule 60(b)(6).

Conclusion

For the foregoing reasons, the court DENIES the Plaintiff's Motion for Relief From Judgment (docket #15).

So ordered this 10th day of December, 2007.

       /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge